THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael L. Parker and ) | Civil Action No. 4:13-cv-00430-RBH |
| Robert J. Parker, Sr., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| William O. Spencer, Jr., Joseph ) | |
| Kershaw Spong, Robinson, McFadden & ) | |
| Moore, P.C., Green Tree Servicing, LLC, ) | |
| Walter Mortgage Company, LLC, and ) | |
| J. Michael Baxley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1] *See* R & R, ECF No. 31. Plaintiffs Michael L. Parker and Robert J. Parker, Sr. (collectively, "Plaintiffs"), proceeding pro se, filed a complaint and an amended complaint pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, alleging violations of their constitutional rights by Defendants William O. Spencer, Jr., Joseph Kershaw Spong, Robinson, McFadden & Moore, P.C., Green Tree Servicing, LLC, Walter Mortgage Company, LLC, and J. Michael Baxley (collectively, "Defendants"). Compl., ECF No. 1; Am. Compl., ECF No. 22. The Magistrate Judge recommends the Court dismiss Plaintiffs' amended complaint without prejudice. R & R at 17.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge conducted her review of Plaintiffs' complaint and amended complaint in accordance with the screening provisions of 28 U.S.C. § 1915(e)(2). R & R at 1-2. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

**Background**

Plaintiffs have sued Defendants for alleged civil rights violations under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, which Plaintiffs claim occurred during a mortgage foreclosure action litigated in state court. *See* Compl. at 1-2, Am. Compl. at 1, 3. This case arose from Plaintiffs' unsuccessful attempt to discharge a mortgage debt based upon their alleged status as sovereign citizens. The R & R contains a detailed summary of the factual allegations in Plaintiffs' complaint, *see* R & R at 2-8; the Court provides a brief summary below.

In their amended complaint, Plaintiffs claim to be "sovereign Plaintiffs . . . , true sovereign Electors, and natural born American citizens," and that "[t]he only manmade laws binding to the sovereign Plaintiffs is the 'lawful, therefore genuine' national Constitution." Am. Compl. at 7. Plaintiffs allege they "legally and lawfully" discharged the mortgage debt on their house and property located in Chesterfield County, South Carolina, by mailing various documents to the Internal Revenue Service and defendants Walter Mortgage Company, LLC[2] and Green Tree Servicing, LLC, and receiving no response from them. *Id.* at 2-7, 9, 20-21. Green Tree, represented by defendant Joseph Kershaw Spong, an attorney for the law firm of defendant Robinson, McFadden & Moore, P.C., brought a foreclosure action against plaintiff Michael L. Parker. *Id.* at 2, 8-11, 15, 18. Defendant William O. Spencer, Jr., serving as a special referee for the Chesterfield County Court of Common Pleas, granted summary judgment for Green Tree. *Id.* Special Referee Spencer issued a judgment and deed of foreclosure, conducted the foreclosure sale, and issued a writ of assistance directing the Chesterfield County Sheriff to evict Michael Parker and his family from the house and land. *Id.* at 11-12, 15-16. Michael Parker filed a motion captioned "Motion for Rule 38 and Relief from Judgment,"

---

[2] Plaintiffs allege Walter Mortgage merged with Green Tree. Am. Compl. at 18.

and Special Referee Spencer issued an order denying the motion. *Id.* at 16. The Honorable J. Michael Baxley, a state circuit court judge named as the final defendant, refused to hear Michael Parker's motion or hold an evidentiary hearing. *Id.* at 2, 16, 18, 20. After Michael Parker filed a notice of appeal with the South Carolina Court of Appeals,[3] Green Tree forcibly entered Plaintiffs' house and removed their personal belongings. *Id.* at 20-21.

Plaintiffs allege their constitutional rights were violated as a direct and proximate cause of Defendants' actions, and claim Defendants were acting under color of state law at all times. *Id.* at 1-2, 21. Plaintiffs list seven causes of action against Defendants. *Id.* at 22-23. In the R & R, the Magistrate Judge recommends the Court dismiss Plaintiffs' amended complaint without prejudice. R & R at 17. Plaintiffs have filed timely objections to the R & R. Pls.' Objs., ECF Nos. 33 & 34.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[3] Pursuant to Federal Rule of Evidence 201(d), the Court takes judicial notice that the South Carolina Court of Appeals issued an administrative order dismissing Michael Parker's appeal and remitted the case to the state circuit court. *See U.S. Bank, N.A. v. Michael L. Parker*, S.C. Ct. App. Order dated August 28, 2013, *available at* http://ctrack.sccourts.org/public/caseView.do?csIID=53520 (last visited June 19, 2015).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, in the absence of a specific objection to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Discussion

**I.     The Magistrate Judge's R & R**

The Magistrate Judge recommends dismissing Plaintiffs' amended complaint without prejudice. R & R at 17. First, as to Plaintiffs' claim under 42 U.S.C. § 1983, the Magistrate Judge concludes Plaintiffs fail to state a claim against defendants Spong, Walter Mortgage, Green Tree, and Robinson, McFadden & Moore, P.C. because these four defendants consist of a private individual and private entities and because no state action occurred in the foreclosure proceedings. *Id.* at 11-13. Regarding Special Referee Spencer and Judge Baxley, the Magistrate Judge notes these two defendants could be considered state actors to the extent they served as judges, but the Magistrate Judge concludes Special Referee Spencer had quasi-judicial immunity as a special referee and Judge Baxley had judicial immunity as a circuit court judge because they acted at all times in their official judicial capacities. *Id.* at 9-11. Second, the Magistrate Judge concludes Plaintiffs fail to state a claim under 42 U.S.C. § 1985(3) because their amended complaint contains no allegations of racial, religious, or class-based discrimination by Defendants. *Id.* at 13-14. Third, the Magistrate Judge concludes Plaintiffs fail to state a claim under 42 U.S.C. § 1986 because a cause of action under § 1986 is contingent upon the existence of a claim under § 1985. *Id.* at 14. Fourth, the Magistrate Judge concludes Plaintiffs fail to

state a claim under 42 U.S.C. § 1988 because they are pro se litigants not entitled to attorneys' fees. *Id.* at 14-15.

Citing an additional ground for dismissing Plaintiffs' amended complaint, the Magistrate Judge recommends the Court find the *Rooker-Feldman* doctrine precludes the exercise of jurisdiction over Plaintiffs' claims. *Id.* at 15-16. The Magistrate Judge reasons Plaintiffs are essentially attempting to have the Court review the state court judgment of foreclosure. *Id.* at 16. Finally, the Magistrate Judge recommends the Court decline to exercise supplemental jurisdiction over Plaintiffs' claims. *Id.* at 16-17.

## II.     Plaintiffs' Objections to the R & R

Plaintiffs list five objections to the Magistrate Judge's R & R.[4] Pls.' Objs. at 1. First, Plaintiffs object to footnote two of the R & R. *Id.* at 1-2. The Magistrate Judge stated in footnote two that the allegations in Plaintiffs' complaint indicate "their affiliation with the 'loose network of individuals living in the United States who call themselves 'sovereign citizens' and believe that federal, state, and local governments operate illegally.'" R & R at 5 n.2 (quoting Federal Bureau of Investigation, "Sovereign Citizens: A Growing Domestic Threat to Law Enforcement" (Sept. 2011), https://leb.fbi.gov/2011/september/sovereign-citizens-a-growing-domestic-threat-to-law-enforcement (last visited June 18, 2013)). The Magistrate Judge also quoted *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013), in which the Second Circuit noted "sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." R & R at 5 n.2. Plaintiffs contend the

---

[4] Plaintiffs' allegations concerning their status as sovereign individuals are immaterial to the Court's de novo review of the R & R, and the Court does not address these assertions. *See generally Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) (declining to address the litigants' sovereign citizen claims because the issues were "not material to the outcome of th[e] case").

Magistrate Judge's statements and quotations in footnote two do not accurately reflect their beliefs. Pls.' Objs. at 2. The Court finds Plaintiffs' objection lacks merit. Footnote two had no effect on the Magistrate Judge's recommendations; the footnote simply provides background information regarding the conventional definition of a sovereign citizen. Other courts considering complaints alleging sovereign citizenship status have quoted language similar to that quoted by the Magistrate Judge. *See, e.g., El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013) (explaining the complaint "has the earmarks of the 'Sovereign Citizens' movement" and quoting the Federal Bureau of Investigation's webpage that characterizes sovereign citizens); *Presley v. Prodan*, No. CA 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013), *adopted by and incorporated into* 2013 WL 1342539 (D.S.C. Apr. 2, 2013) (collecting cases describing the sovereign citizens movement and its common features). Accordingly, the Court overrules Plaintiffs' first objection.

Second, Plaintiffs object to the Magistrate Judge's interpretation of the term "administrative court." Pls.' Objs. at 2-3. The Magistrate Judge, quoting from the amended complaint, stated Plaintiffs' use of "administrative court" was an apparent reference to the state court that adjudicated the foreclosure action. R & R at 2. Plaintiffs dispute the Magistrate Judge's finding, arguing "the Summary Judgment hearing was held in a corporate legal setting, and said hearing was not held in a lawful state court for sovereign human-beings." Pls.' Objs. at 2. Plaintiffs assert the foreclosure proceedings conducted by Special Referee Spencer were "administrative procedures for an administrative agency," not "judicial procedures for a judicial court." *Id.* at 3. The Court finds Plaintiffs' objection lacks merit. The Magistrate Judge correctly described the court in which the foreclosure action occurred; the state court hearing the foreclosure action was necessarily a judicial body—the Chesterfield County Court of Common Pleas—not an administrative body. *See* S.C. Code

Ann. § 14-5-350 (1976) ("All regular and special judges . . . may hear and determine . . . foreclosure suits and all other equity matters concerning real estate . . . . [N]o hearing, except with consent, shall be had outside the judicial circuit of the judge having jurisdiction."); Rule 71(a), SCRCP (providing the circuit court tries foreclosure actions, ordinarily by reference to a master or special referee as provided in Rule 53, SCRCP); Rule 53(b)-(c), SCRCP (stating a foreclosure action "may be referred to a master or special referee by order of a circuit judge or the clerk of court" and providing "the master or special referee shall exercise all power and authority which a circuit judge sitting without a jury would have in a similar matter"). Regardless of Plaintiffs' meritless objection, the Court's de novo review of the R & R confirms the Magistrate Judge's interpretation of "administrative court" had no bearing on her recommendations. The Court overrules Plaintiffs' second objection.

In their third objection, Plaintiffs argue the Magistrate Judge erred by (1) citing cases to support her disposition of the § 1983 claim, (2) using the words "State" and "state" interchangeably, and (3) finding Spong and Robinson, McFadden & Moore, P.C. were not state actors but private entities. Pls.' Objs. at 3-5. The Court summarily rejects Plaintiffs' first two arguments; the Magistrate Judge supports her thorough, well-reasoned analysis of Plaintiffs' § 1983 claim by relying on valid federal case law, and she applies the correct grammatical forms of "State" and "state," using "State" as a proper noun that refers to a government actor and "state" as an adjective that refers to actions of the government. R & R at 9. *See Black's Law Dictionary* 1262 (5th ed. 1979) (providing the legal definitions of "state" and "state action"). The Court also finds no error in the Magistrate Judge's conclusion that Spong and Robinson, McFadden & Moore, P.C. cannot be considered state actors under § 1983. R & R at 11-13. As the Magistrate Judge concluded, neither the lawyer nor his law firm exercised state power to initiate and litigate the foreclosure action. *Id. See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) (stating "merely

resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the [State]"). The only reasonable inference is that both defendants were acting at all times in their capacities as a private individual and a private business entity to pursue foreclosure of a mortgage, a routine procedure that occurs in state court. Even the most liberal construction of the facts alleged in the amended complaint does not support a meritorious claim that Spong or his law firm invoked state authority to prosecute the foreclosure action. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) ("[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."). Accordingly, the Court overrules Plaintiffs' third objection.

Fourth, Plaintiffs object to the Magistrate Judge's finding that Special Referee Spencer has quasi-judicial immunity and Judge Baxley has judicial immunity from the § 1983 claim. Pls.' Objs. at 5-6. Having conducted a de novo review of Plaintiffs' § 1983 claim and the allegations in their amended complaint, the Court finds Special Referee Spencer is immune from liability because he conducted the foreclosure action within the jurisdiction of the state court and in his official capacity as a special referee. The Court finds Judge Baxley is likewise immune because he declined to hear Plaintiffs' "Motion for Rule 38 and Relief from Judgment" while acting in his official capacity as a circuit court judge. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (stating "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities" (citations omitted)); *Pierson v. Ray*, 386 U.S. 547, 549-54 (1967) (addressing the issue of whether a state judge can be liable for damages under § 1983 and confirming "[f]ew doctrines [a]re more solidly established at common law than the immunity of judges from liability for damages for acts

committed within their judicial jurisdiction"). The Court overrules Plaintiffs' fourth objection.

In their fifth and final objection, Plaintiffs argue the Magistrate Judge erred in (1) demonstrating a "bias behavior" in pages eleven through sixteen of her R & R and (2) not transferring the case to "the proper jurisdiction and venue that has original jurisdiction for the sovereign Plaintiffs R. Parker and M. Parker, whose Constitutional private party status is the same as a state." Pls.' Objs. at 6-7. The Court summarily rejects Plaintiffs' first argument and finds the R & R reveals no indications of bias on the part of the Magistrate Judge. Aside from their baseless assertions that the Magistrate Judge "erred by using case laws excessively and primarily in support of all Defendants" and that she injected her personal opinion into the R & R, *id.* at 6, Plaintiffs point to no improper factual findings or legal conclusions. Regarding Plaintiffs' second argument, the Court agrees with the Magistrate Judge's conclusion that the *Rooker-Feldman* doctrine precludes federal review of the state court judgment of foreclosure. R & R at 15-16. *See Lance v. Dennis*, 546 U.S. 459, 460 (2006) ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." (internal quotation marks omitted)). The Court therefore agrees with the Magistrate Judge's conclusion that Plaintiffs' claims are tantamount to an appeal of the state court foreclosure proceedings and that any rulings in favor of Plaintiffs would constitute impermissible review of a final state court judgment. *Cf. Magritz v. Ozaukee Cnty.*, 894 F. Supp. 2d 34, 38 (D.D.C. 2012) ("The Court finds that [the] plaintiff's complaint falls squarely within the ambit of the *Rooker-Feldman* doctrine because it is the 'functional equivalent of an appeal' from the 2001 Judgment of Foreclosure."). The Court therefore overrules Plaintiffs' fifth objection.

## Conclusion

The Court has reviewed the Magistrate Judge's R & R, Plaintiffs' objections, the applicable law, and the entire record in this case. The Court has conducted a de novo review of the portions of the R & R to which Plaintiffs specifically object, and it finds no merit in Plaintiffs' objections. For the reasons stated in this order and in the R & R, the Court overrules Plaintiffs' objections, finds no error in the Magistrate Judge's R & R, and adopts and incorporates by reference the R & R [ECF No. 31].

**IT IS THEREFORE ORDERED** that Plaintiffs' amended complaint [ECF No. 22] be **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Florence, SC
June 23, 2015

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge